<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BRIAN DELEON,

     Plaintiff,

     v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, *et al.*,

     Defendants.

No. 25cv597 (EP) (JSA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Brian Deleon ("Deleon"), a state prisoner incarcerated in Northern State Prison ("NSP") in Newark, New Jersey, submitted a Complaint without paying the filing fee or an application to proceed *in forma pauperis* ("IFP"). D.E. 1. Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.

The entire fee to be paid in advance of commencing any civil action is $405. L. Civ. R. App'x K. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. *Id.* A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. *Id.* A prisoner who is denied IFP status must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the civil action will be filed.

Under § 1915, a prisoner seeking to bring a civil action IFP must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust

fund account statement(s) for the six-month period immediately preceding the filing of his action. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

Plaintiff may not have known when he submitted this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (IFP actions); 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff did not pay the filing fee or submit an IFP application. Accordingly,

**IT IS**, on this **20ᵗʰ** day of **March** 2025,

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action due to Plaintiff's failure to satisfy the filing fee requirement; and it is further

**ORDERED** that the Clerk shall supply to Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" to be used if Plaintiff wishes to seek IFP status in this matter; and it is further

**ORDERED** that if Plaintiff wishes to re-open this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, at Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within **thirty (30) days** from the date of entry of this Memorandum Order.  Plaintiff's writing shall include either (1) a complete IFP application, including an affidavit of indigence and an account certification from the appropriate official of each prison at which the prisoner is or was confined, or (2) the $405 filing and administrative fees; and it is further

**ORDERED** that the Clerk of Court shall re-open this case upon receipt of the filing fee or an IFP application; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.

2